SILVERTON (VIL.) v. CHARLES H. DAVIS.

1. SIGNING OF BILL OF EXCEPTIONS BY MAYOR.

Where a bill of exceptions in a prosecution before a mayor was duly signed and regularly filed in the common pleas, it is not open to objection in the circuit court on the ground that it was not filed by the mayor or noted on his docket.

[For other cases in point, see 1 Cyc. Dig., "Bill of Exceptions," § 539; 4 Cyc. Dig., "Error," § 1480.—Ed.]

2. SUFFICIENCY OF AFFIDAVIT.

Under an ordinance which provides that "No person shall be engaged in any business hereafter mentioned (including the keeping of public ball rooms or ball grounds) until he shall have obtained a license therefor," it is necessary in order to charge an offense that the affidavit allege the accused unlawfully failed to secure a license to conduct the business, and not that he unlawfully engaged in the business.

3. POWER OF MAYOR TO GRANT LICENSE.

Where such an ordinance delegates to the mayor the power to grant or refuse a license at his discretion, it confers upon him more than a ministerial or administrative duty, and is invalid to the extent that it is not general and does not apply to every person.

[For other cases in point, see 5 Cyc. Dig., "Licenses," §§ 24-26.—Ed.]

4. EVIDENCE NECESSARY TO CONVICT VIOLATION OF LICENSE ORDINANCE.

In order to warrant a conviction for violation of an ordinance providing for the licensing of ball grounds, etc., there must be evidence that the

Hamilton County.

accused was engaged in the business as keeper, proprietor or manager, and this requirement is not met where the evidence goes no further than to indicate that the accused maintained a ball ground and pavilion on his private grounds, but not for profit and with which the public had nothing to do.

[For other cases in point, see 6 Cyc. Dig., "Municipal Corporations," § 1910. —Ed.]

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**F. H. Reppert** and **A. E. Painter,** for plaintiff in error:
**C. M. Leslie** and **F. F. Dinsmore,** for defendant in error:

## SMITH, J.

The defendant in error was tried before the mayor of the village of Silverton in September, 1906, upon an affidavit and warrant, charging that the defendant in error as the owner and keeper of ball grounds in the village of Silverton, did unlawfully engage in the business of using said ball grounds, by having ball playing on said grounds in said village, without first taking out a license therefor as required by law. And also in August, 1906, said defendant in error was tried before the mayor of the village of Silverton upon an affidavit and warrant charging that he did unlawfully as the owner and keeper of a public ball room or dancing pavilion located in said village engage in the business of using such public ball room or dance pavilion for public dancing without first taking out a license therefor as required by the laws of said village made and provided.

The defendant in error was found guilty by the court in both cases. A motion for a new trial in each case was overruled by the court and the defendant sentenced in each case to pay a certain fine and costs. Bills of exceptions were signed by the mayor, containing all of the evidence offered on the trials, and the judgments of the mayor were reversed in the court of common pleas. In this court it is now sought to reverse the judgments rendered by the court of common pleas.

At the outset plaintiff in error makes objection to the hearing of these causes in this court on the ground that the bills of exception cannot be considered by the court, for the reason that they were not filed by the mayor, but were filed by the defendant in error, and the filing of the bills was not noted upon the mayor's docket. We do not think this objection is well taken, as the bill was duly signed and filed in the court of common pleas. *Borsodi* v. *State,* 7 Circ. Dec. 31 (13 R. 275).

Defendant in error moved the trial court to quash the affidavits and warrants, which motions were overruled. He also demurred to the

Silverton v. Davis.

same, which demurrers were overruled, and said causes proceeded to trial.

We are of the opinion that the trial court erred in not granting the motions and in not sustaining the demurrers. Section 1 of the ordinance passed by the village of Silverton, providing for licenses is as follows:

"That no person shall be engaged in any business hereafter mentioned until he or she shall have obtained a license therefor." Section 6 provides that keepers of public ball rooms shall pay a license fee of $75 per annum; and Sec. 8 provides for a license for keepers of ball grounds within the village.

While it will be seen from this ordinance that the offenses for which the defendant in error would be liable were the failure or neglect to pay the license fee if he kept a public ball room, or if he was the keeper of ball grounds, these offenses are not charged in the two affidavits; they simply charge that he unlawfully engaged in the business, instead of charging that he unlawfully failed to secure a license to conduct the business. *O'Rourke* v. *State*, 3 Circ. Dec. 611 (6 R. 612).

Defendant in error also urges that Secs. 6 and 8, relating to the issuance of licenses for public ball rooms and ball grounds, delegates to the mayor the power of granting or refusing a license at his discretion. In this respect the ordinance does delegate discretionary power to the mayor, and not a mere ministerial duty; and while ministerial or administrative duties may be delegated to the mayor legislative duties cannot be. It gives to the mayor the power of discrimination between applicants for licenses; it therefore is not general and does not apply to every person, and this would render the ordinance in this respect invalid. Upon an examination of the evidence in these cases, we are of the opinion that upon this ground alone the defendant in error should have been dismissed.

The law providing for the regulation by municipal corporations of "public ball rooms" and "ball grounds" is found in the 97 O. L. 504, Sec. 30 (Lan. Rev. Stat. 3102; B. 1536-100). This act gives to municipal corporations the power to regulate such matters by granting a license for them. The latter part of Sec. 30 provides that, in the trial of any action brought under the power of licensing, the fact that any party to such action represented himself as engaged in any business or occupation for the transaction of which a license may be required; or as the keeper, proprietor or manager of the thing for which a license may be exacted; or that such party exhibited a sign indicating such business or calling or such proprietorship or management, shall be conclusive evidence of the liability of such party to pay the license thereof. This,

therefore, is indicative of the kind of evidence that should be adduced to control an action to find one guilty of not taking out a license for the conduct of a "public ball room" or "ball grounds."

The section relates to one engaged in the "business" or "occupation," or one who "keeps," or is "proprietor" of, or "manager" of, a certain "thing or business." The evidence nowhere shows that the defendant in error represented himself in the business or occupation of keeping a public ball room or ball grounds, or as the keeper, proprietor or manager of a public ball room or ball grounds. No sign was exhibited by him indicating such business or calling, or such proprietorship or management, but, on the contrary, while games of ball were played upon the grounds in question by permission, and while there was a covered pavilion, open on all sides, upon the grounds where people might seek shelter in case of necessity. or even dance if they so chose, yet there is nothing in the testimony to show that these ball grounds were for public exhibitions, were used for the purpose of profit, or that the pavilion itself was used in any way from the business standpoint of one engaged in running it for gain. On the contrary, the evidence shows that the grounds were marked "private grounds," and the most that can be said about them would be, that they were permitted by the owner to be used for picnic grounds. It was simply a place on private grounds where people were allowed to assemble for the purpose of recreation; no admission fee was charged; the ball grounds and the pavilion could not in any sense be construed to impose upon the owner the duty of taking out licenses for their use, as the statute evidently means that such use must be one for business or occupation, which necessarily implies the use of a public ball room and ball grounds for profit. We must recognize the distinction in all matters of amusements which are public in their nature, to which all the public are invited, for which admission fees are charged, and gain or profit is made, as theaters, race courses, and other kinds of amusements mentioned in the section under consideration, from those private amusements in which individuals engage and with which the great mass of the people as the public have nothing to do.

In conclusion, therefore, we are of the opinion that the defendant in error in no wise offended against the law and the ordinance in question, and the judgment of the court of common pleas will be affirmed.

**Swing** and **Giffen, JJ.,** concur.