Bell, J.
 

 In our view this record presents for consideration the question whether the judgment is void or whether there was any irregularity in obtaining the same.
 

 The claim of appellant is based upon four major propositions: (1) That Erwin D. Kimball was. an infant at the time he acted as one of the incorporators and as a director and president of Kimball Bros., Inc.; (2) that he was an infant when this suit was commenced and when judgment was rendered; (3) that as an infant shareholder, director and officer he voted in favor of the bylaws and a motion of the board of directors fixing his salary under such circumstances that his vote was necessary in order to adopt such bylaws and motion; and (4) that he secured judgment upon a promissory note with warrant of attorney not authorized by the board of directors and by reason thereof the court never obtained jurisdiction of the defendant corporation.
 

 At the outset it should be observed that this was practically a close corporation. Erwin D. Kimball, Sr., was the father and Ida E. Kimball was the stepmother of Robert R. and Erwin D. Kimball, Jr., who
 
 *503
 
 together with Ruth Y. Burkett owned all of the shares of the capital stock of Kimball Bros., Inc. Erwin D., Jr., Robert R. and Ida E. Kimball were the incorporators. Under those circumstances it is a fair inference that Ida E. Kimball knew of the infancy of Erwin D. Kimball, Jr., at the time he acted as an incorporator and as director and president of the corporation
 

 No question of the infancy of Erwin D. Kimball, Jr., was raised in the Court of Common Pleas at any time. It was raised first in the Court of Appeals, after he had attained his majority, by stipulation reciting- that Erwin D. Kimball, Jr., was born on September 18, 1920. This situation presents this important procedural question: In an appeal upon questions of law may the parties by stipulation raise a question not presented to the trial court®
 

 The appeal was upon questions of law. Under the Appellate Procedure Act, Sections 12223-1 to 12223-49, both inclusive, General Code, effective January 1, 1936 (116 Ohio Laws, 104), appeals upon questions of law superseded proceedings in error (former Sections 1.2241 to 12282, both inclusive, General Code). We deem it to be elementary that in a proceeding in error under the former statutes, the appellate court reviewed only the judgment of the court below and was confined to a consideration of the errors presented by the record made in the trial court. The parties were without power to raise, by stipulation or otherwise, any question not presented or considered by the trial court and not appearing upon the face of the record under review.
 

 The Appellate Procedure Act has not disturbed that rule.
 

 Section 12223-21, General Code, provides in part as follows:
 

 “Appeals taken on questions of law shall be heard upon assignments of error filed in the cause or set out in the briefs of the appellant before hearing. Errors
 
 *504
 
 not argued by brief may be disregarded, but the court, in its discretion, may consider and decide errors which are not assigned or specified.”
 

 Neither the assignment of errors nor the briefs in the Court of Appeals in the instant case raise any question of the infancy of Erwin D. Kimball, Jr., and we therefore conclude that no such question was properly before the court and it was without legal authority to consider the claims based upon that stipulated fact.
 

 This leaves propositions three and four for determination. The claim (proposition three) that Erwin D. Kimball (appellee) voted in favor of the bylaws and a motion passed by the board of directors, fixing his salary as president, under such circumstances that his vote was necessary in order to adopt such bylaws and motion, is fully put at rest by reference to the corporation record.
 

 On July 12, 1939, the incorporators met, signed an acknowledgment of the articles of incorporation, opened books of subscription and received subscriptions to all of the 250 shares of the capital stock, divided as follows: Erwin D. Kimball, Sr., Eobert E., Erwin D., Jr., and Ida E. Kimball each 62 shares and Euth V. Burkett, two shares.
 

 On that date the shareholders held their first meeting (all the shareholders being present) and after electing Erwin D. Kimball, Jr., Eobert E. Kimball and Euth Y. Burkett directors, among other things unanimously adopted a resolution fixing the salary of any of the directors who might be chosen an executive officer.
 

 The directors unanimously adopted a code of bylaws, Article IY of which reads as follows:
 

 “The yearly salaries of officers of the corporation are hereby fixed as follows.
 

 
 *505
 
 “President, $2600; Vice-President, $ No Salary; Secretary, * * *; Treasurer, $2600; General Manager, $......;
 

 “Said salaries shall be payable monthly on the ......day of each month ’ ’
 

 The resolution was never amended, or rescinded.
 

 It is true that in the minutes of the board of directors dated April 1, 1940, we find the following: “A motion was made, seconded and carried that the salaries heretofore paid to the officers of the company be continued for the ensuing year.” This complaint is based upon the vote of Erwin D, Kimball in favor of the passage of the bylaws, containing Article IV, and the above-quoted motion passed by the board of directors.
 

 At the shareholders’ meeting on July 12, 1939, Erwin D. Kimball, Sr., offered the following resolution, and moved its adoption:
 

 “Resolved, that should either or any of the directors be chosen an executive officer or officers, then the yearly salary of such officers, respectively, are hereby fixed as follows: President $2,600; Secretary and Treasurer $2,600. Seconded by Mrs. Ruth V. Burkett. Roll called. The vote resulted as follows: Ayes all.
 

 “The resolution was therefore declared adopted.”
 

 Ida E. Kimball was present at that meeting and voted for this resolution and therefore the bylaw and the motion passed by the board of directors were not necessary to fix the salary and neither added to nor substracted from the action of the shareholders.
 

 The final contention of appellant is that the promissory note with warrant of attorney was not issued or authorized by the board of directors.
 

 We again revert to the record. Article I of the bylaws reads as follows:
 

 “The regular meetings of the board of directors
 
 *506
 
 shall be held at the office of the .corporation on the second Monday in each month at three o’clock p. in., * * *. At all meeting's a majority of the board shall constitute a quorum.”
 

 At the shareholders’ meeting on April 1, 1940, Ida E. Kimball was present by proxy executed to her attorney, and he at that meeting nominated her for the office of director and she thereupon was elected.
 

 She now complains that she was never notifiéd of or attended any meeting of the board of directors.
 

 It is well established that it is not necessary to give the directors notice of the time and place of the regular and stated meetings of the board as fixed by the bylaws. Each director is presumed to know that, on that day at the time fixed, such meeting will be held. See 10 Ohio Jurisprudence, 663, Section 490, and the cases cited.
 

 Ida E. Kimball never presented herself at the specified time or place for the holding of such meetings nor did she do any act at any time to carry out her duty as a director of the corporation.
 

 There is no evidence that the board of directors ever met as provided by the bylaws, except upon July 12, 1939, April 1, 1940, and April 7,1941. These were the dates upon which the annual meetings of the shareholders were held at which the directors for the ensuing year were elected and immediately after their election the directors met, elected officers for the ensuing year and adjourned, leaving the entire conduct of the corporate business to the elected officers.
 

 Insofar as this corporation was concerned this constituted a course of conduct upon the part of the board of directors.
 

 It is generally recognized that a promissory note of a corporation must be executed or authorized by its board of directors. It is equally well settled that a corporation may be bound by the act of its agent act
 
 *507
 
 ing within the apparent scope of his authority and it, like an individual, may become bound by acquiescing in and ratifying an unauthorized act done on its behalf by its agent. See
 
 Knowles
 
 v.
 
 Northern Texas Traction Co.
 
 (Tex. Civ. App.), 121 S. W., 232.
 

 The trial court concluded that the board of directors was guilty of a failure to function. We accept that finding. The board of directors by its failure to function and its acquiescence in the conduct of the president, and secretary and treasurer, in the doing of any and all acts necessary to the conduct of the business is now estopped to deny the authority of the treasurer to execute the note upon which this judgment is teased.
 

 Ida E. Kimball, being a member of the board of directors during the year beginning April 1, 1940, and ending March 31,1941, during which time the note was executed, is equally estopped to deny the authority of the treasurer to execute the note.
 

 We have examined the additional claims of error and find none that is prejudicial to the rights of appellants.
 

 The judgment of the Court of Appeals is correct and should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart and Zimmerman, JJ., concur.