THE FIFTH-THIRD UNION TRUST CO., TRUSTEE, APPELLANT, *v.* RAWSON ET AL., APPELLEES.
THE FIFTH-THIRD UNION TRUST CO., TRUSTEE, APPELLEE, *v.* RAWSON, APPELLANT, ET AL., APPELLEES.

(Nos. 6405 and 6406—Decided July 10, 1944.)

*Messrs. Graydon, Head & Ritchey,* for appellant The Fifth-Third Union Trust Company.

*Mr. Wm. R. Collins,* for appellant and appellee Hobart Rawson.

*Messrs. Paxton & Seasongood,* for appellees Rawson Davis, Franklin Davis and Mary Frances Davis Pettiss.

*Messrs. Clark & Robinson,* for appellee Deborah Rawson.

*Messrs. Cors, Scherer & Hair,* for appellees Josephine Rawson and Estate of Nina F. Rawson.

*Messrs. Gusweiler & Gusweiler* and *Mr. A. Brown,* for appellee Frances D. G. Andrews.

BY THE COURT. These appeals on questions of law are from the same judgment of the Court of Common Pleas of Hamilton county, sustaining a demurrer to the petition and supplemental petition, and dismissing such petitions for fatal defect of parties defendant, the plaintiff not having desired to plead further. The appeals have been consolidated.

The action was initiated by the plaintiff as trustee under the will of Frances Helen Rawson, deceased, the prayer being that the court instruct such trustee in what manner to proceed in the presence of certain questions affecting the allocation of a charge for Ohio inheritance tax.

As the matter was presented to the Court of Common Pleas upon demurrer to the petition and supplemental petition, those pleadings only need be considered.

It is the contention of the appellees that the petition and supplemental petition do not state a cause of action and that the matters upon which instruction is sought are the subject of a former full adjudication by the Court of Common Pleas.

The action here involved is authorized by the provisions of Section 10504-66, General Code, as amended and effective June 26, 1939, which reads as follows:

"Any fiduciary may maintain an action in the Probate Court or Court of Common Pleas against the creditors, legatees, distributees or other parties, asking the direction or judgment of the court in any matter respecting the trust, estate or property to be administered, and the rights of the parties in interest, in the manner, and as fully, as formerly was entertained in courts of equity."

The practical effect of the action of the trial court was to say to the trustee: "You were previously told what to do—and this court will not repeat its instructions."

It has always seemed in such cases, as in the case of declaratory judgments, that even if such is the case, little harm is done by repeating instructions, if such repetition be necessary; and that the principles of *res judicata* have no practical or reasonable application. There are few instances, if any, where demurrers to petitions involving those proceedings should be sustained.

The pleadings involved are the petition, supplemental petition, and demurrer thereto. Attached to the petition is a copy of the will of testatrix and a copy of the decree of the Court of Common Pleas in the first proceeding. The supplemental petition contains allegations affecting merely the succession of various parties involved and contains no allegations affecting the merits of this proceeding. We will consider the petition.

From the petition, it appears that the executor of the testatrix brought an action in the Court of Common Pleas of Hamilton county to construe the will. All the parties in the instant proceeding were either par-

ties or are successors in interest to parties in that proceeding.

One of the sixteen questions propounded by the executor to the court involved the proper charge of the inheritance tax which, in order to save the legatees added penalty, the executor had promptly paid, from funds realized by the sale of securities in the estate. This question, number twelve in the original petition filed in 1931, and the instructions of the court are set forth in the petition in the instant proceeding, as follows:

"Upon the twelfth question presented, *viz*: When contribution is secured from the various legatees and devisees under the will of Frances Helen Rawson, deceased, and their representatives, for the refunder of the Ohio inheritance tax paid by the executor for their account, will the fund thus realized go into the residuary estate or shall it be allocated to the various bequests.

"The court finds that when contribution is secured from the various legatees and devisees and their representatives for the refunder of the Ohio inheritance tax paid by the executor, that the same shall be credited to and become part of the residuary estate, but that interest should not be added to the proportionate part with which each legatee is to be charged, and the principal amount shall be used insofar as possible, to restore to the estate any of the specifically devised property which has been sold to pay debts, bequests, inheritance, taxes or expenses of administration."

The court further decreed in paragraph 6, that:

"Contribution shall be secured from the various legatees and devisees under the will of Frances Helen Rawson, deceased, and their representatives for the refunder of the Ohio inheritance tax paid by the executor for their respective accounts, but interest shall

not be added to the proportionate part with which each legatee is to be charged, and no interest shall be collected from the date of the payment by the executor until final contribution is made, and the proceeds of said refunder shall be used, insofar as possible, to restore to the estate the equivalent of any securities that may have been sold by the executor for the payment of debts, taxes or expenses."

Paragraph 7 of the decree is:

"All securities sold by the executor for the payment of debts, taxes, and expenses, including securities called or maturing, or any liquidating dividends of corporations in liquidation, or the equivalent thereof, the proceeds which have been used by the executor for the payment of debts, taxes, and expenses, shall be restored to the estate out of income, before the executor files his final account and turns the property over to the trustee."

Now it appears that the executor did not require contribution from the various legatees and devisees in order to restore the securities of the estate which it had sold to pay the tax, as ordered by the Court of Common Pleas, but, on the contrary, restored such securities by using the income of the estate. At the time of the filing of the instant action, such securities had been completely restored. Not only was this true, but the executor had fully completed its duty as such and under the terms of the will had made distribution to the plaintiff trustee as of December 31, 1940, and since that time the trustee has been administering the estate.

Certain bequests have been paid by the trustee and deductions for inheritance tax made. The trustee was about to pay the bequest to Hobart Rawson, one of the appellants, and make a deduction therefrom for in-

heritance tax, when Rawson served the trustee with notice requiring the trustee to file an action for instructions thereon. The instant proceeding was filed in conformity to such request.

Several clauses in the will of testatrix, a copy of which is attached to the petition, are pertinent to the question here presented.

"Said trustee shall, out of the income derived from said estate, pay the various bequests hereinafter set out in the order in which they are named, paying first the bequest first named, paying second the bequest next named, and so continue until all are paid.

"As soon as all of the said bequests shall have been full(y) paid this trust shall be ended, provided that five (5) years have elapsed, for I desire said trustees to hold said property in trust for five years in any event, but if the income of my estate shall pay off all said legacies before the expiration of said five (5) years, then the income thereafter received from said estate shall go to my grand-nieces and grand-nephews, the children of my niece, Carrie Rawson Davis, as provided in item fourth, paragraph 5th, of this will. * * *

"5th. All the rest and residue of my estate of every kind and description and wherever situate, including any mortgage loans or lapsed legacies, also pictures, books, furniture, bric-a-brac, and jewels (excepting therefrom such articles as I specify on a memorandum signed by me) shall be sold by said trustees and the proceeds of sale shall be by them distributed equally between my grand-nieces and grand-nephews, to-wit: Mary Frances Davis, Rosebud Davis, Rawson Davis and Franklin Davis, the children of my niece, Carrie Rawson Davis."

The questions presented by the trustees are as follows:

"1. Do the provisions of the decree of this court entered on June 16, 1936 in the case of *The First National Bank of Cincinnati, Ohio, Executor under the Last Will and Testament and Codicil of Frances Helen Rawson, deceased,* v. *Hobart Rawson, et al.,* No. A-40346, with respect to securing contribution from various legatees and devisees under the will of Frances Helen Rawson, deceased, and their representatives for the refunder of the Ohio inheritance tax paid by the executor for their respective accounts, apply to plaintiff as trustee under said will?

"2. If question No. 1 is answered in the affirmative, shall plaintiff credit such contribution to the residuary estate, and if it should not be so credited, what disposition should plaintiff make of such contribution?

"3. If question No. 1 is answered in the affirmative, shall plaintiff secure such contribution in full from all the legatees and devisees, and if it is not required to secure such contribution in full, what contribution should it secure, inasmuch as the executor, prior to making distribution to plaintiff, restored out of income all of the assets of the estate with the exception of the cash on hand at the death of testatrix?"

It is the conclusion of this court that the Court of Common Pleas erred in sustaining the demurrer and dismissing the petition and supplemental petition. In view of the existence of a new party plaintiff, the provisions of the statute heretofore noted and the occurring of new incidents since the former decree of the Court of Common Pleas, the principle of *res judicata* has no application to the instant action as such.

It seems apparent that the questions here presented rest upon an entirely different state of facts from

those before the Court of Common Pleas at the former proceeding, and in fact upon a state of facts not even contemplated by that court. That court ordered the executor to restore the securities sold to pay the tax, by securing contribution from the specific legatees and devisees, who are primarily liable for the tax. The executor did not do this, but, instead, restored the securities out of income.

Upon contribution being secured, the bequest to such residuary legatees will be properly restored to the dimensions anticipated by the testatrix and the court, it having been decreased by the draft upon the income in lieu of contribution. The specific legatees have had the use of the money; they are now required to contribute.

The trustee stands in the same position as the executor with respect to carrying out the former order of the court, the execution of which was delayed until the transfer of the estate to the trustee.

The answer, therefore, to question No. 1 is that the former order of the court, applicable to the executor, does apply to the plaintiff, trustee.

The answer to question No. 2 is, that the contributions or deductions from specific legacies shall be credited and paid in full to the residuary legatees.

The answer to question No. 3 is found in the fact that the fund created by the payment or deduction of contributions is specifically ordered by the former decree of the Court of Common Pleas to be paid to the residuary legatees. It is now too late to question the force of this order, and its correctness need not now be considered. The answer to this question is, therefore, that the full amount of the contributions is to be paid to the residuary legatees. To such extent is the

former decree of the Court of Common Pleas *res judicata,* not to the instant proceeding, but of any action or proceeding seeking to set aside the effect of such decree. The instant proceeding is not inconsistent with the previous order of the Court of Common Pleas, but entirely appropriate in seeking instructions as to the carrying out of such order in view of the occurrence of circumstances subsequent thereto.

As the effect of the action of the Court of Common Pleas in the instant proceeding, in sustaining the demurrer to the petition for instructions, was to refuse to exercise jurisdiction, this court does not consider it has the power to render the judgment which the Court of Common Pleas should have rendered, no judgment having, in effect, been rendered giving the instructions requested. Had erroneous instructions been given, this court might then have been in a position to adopt a different course. *Kimball* v. *Kimball Brothers, Inc.,* 143 Ohio St., 500.

The judgment of the Court of Common Pleas is reversed and the cause is remanded to that court, with instructions to overrule the demurrer to the petition and supplemental petitions and to further proceed in accordance with law and this opinion.

*Judgment reversed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.