**CLEVELAND (City), Plaintiff-Appellee, v. BAKER, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25123.   Decided May 9, 1960.

Bernard J. Conway, Chief Pros., Michael Fatica, Edward V. Cain, Asst. Pros., Cleveland, for plaintiff-appellee.

John J. Brown, McConnell A. Coakwell, Cleveland, for defendant-appellant.

(FESS, PJ, of the Sixth District; YOUNGER and GUERNSEY, JJ, of the Third District, sitting by designation in the Eighth District.)

## OPINION

By YOUNGER, J.

This is an appeal from a conviction in the criminal division of Cleveland Municipal Court. Briefly, the facts are as follows: Defendant-Appellant, Fulton Baker, a commercial artist concerned with Evangelism, held several street meetings on the sidewalk in front of the Terminal Tower during the summer of 1959 on Thursday evenings when stores were open and pedestrian traffic was heavy. On August 27, 1959, he came there with a minister, two other friends and the wife of one of them. They took a position somewhat before 8:30 P. M., before the window with bank sign at the eastern angle of the building wall, setting up an easel with bible verses and an American flag. The wall at this point was about fifteen (15) feet between doors and the distance to the curb was forty (40) feet. Baker then spoke his religious views to passersby, followed by one of the laymen and the minister.

Mr. Joseph, Chief of Terminal Building Police, on complaint to him by tenants, telephoned for Cleveland Police to clear the walk at about 8:30 P. M. Two police officers arrived shortly thereafter, reported by telephone to their superiors and were followed by their Sergeant and their Captain, Captain Joseph Strauss arriving at about 9:20 P. M. The defendant was arrested at about 9:30 P. M. on his refusal to move the speaking to the part of the Public Square reserved for public speaking, as he was directed to do by Captain Strauss.

The Ordinance involved is as follows: - -

"13.0941 (2959-5) **Unlawful congregation on Sidewalks; Penalty**

"It shall be unlawful for persons having no occupation or business at the places hereinafter named, to congregate upon or occupy the sidewalks, or at the corners of any street of the city, or in such manner as to occupy the sidewalks in front of any dwelling or place of business in the city, or in such manner as to occupy the sidewalks in Monumental park or other public parks of the city, or in front of any place of worship or amusement. And it shall be and is hereby made the duty of the police force of the city to prevent such gatherings or occupation of sidewalks and street corners, and to arrest persons found violating the provisions of this section. Whoever violates any provision of this section shall, on conviction thereof, be fined in any sum not exceeding fifty dollars."

There can be no question as to the validity of the use by a city of the police power to prevent business operations on sidewalks or the blocking of sidewalks by pedestrians, loitering gangs, hucksters, zealots and others.

However, this ordinance grants to the police force of the city the absolute discretion of preventing any gathering or congregating of persons and to prevent them to occupy the sidewalks and to arrest anyone found in violation. It could permit the arrest of two or more friends or relatives found conversing on the sidewalk before or after church or before entering or after leaving a place of amusement. It could permit the arrest of two or more lawyers or doctors found on the sidewalk discussing their cases. It could prevent a group of friends

in the city for a convention from meeting in groups while touring the city either for business or pleasure. Many other situations could be enumerated which would convert conduct which is prima facie lawful into that which is criminal under this ordinance.

Furthermore it could permit the police to arrest either the leader of the group as was done in the case at bar, the whole group or any portion of the group as suited their pleasure, or as they in their sole discretion deemed necessary, advisable or convenient. An ordinance which forbids an act in terms so vague that men of common intelligence and understanding must guess as to its meaning and differ as to its application violates the first essential of due process of law.

**Section 3, Article XVIII, Ohio Constitution,** grants authority to municipalities to adopt and enforce within their limits such local police regulations as are not in conflict with general laws. A municipal ordinance passed under such authority, to be valid, must not be arbitrary, discriminating, capricious or unreasonable and must bear a real and substantial relation to the health, safety, morals or general welfare of the public. **Cincinnati v. Correll, 141 Oh St 535.**

An ordinance which delegates authority as to its enforcement without laying down any rules or standards, properly within the police power, for such decision, grants an arbitrary power to interfere with constitutional rights and is void. **Cancer Society v. Dayton, 160 Oh St 114.**

For the above reasons the ordinance is, in our opinion, unconstitutional and void and the judgment of the trial court must be reversed and the defendant be ordered discharged.

FESS, PJ, GUERNSEY, J, concur.