CITY OF COLUMBUS, APPELLEE, *v*. ROGERS, APPELLANT.

(No. 74-223—Decided March 5, 1975.)

Mr. *James J. Hughes, Jr.*, city attorney, Mr. *Daniel W. Johnson* and Mr. *Charles L. Price*, for appellee.
Mr. *Roy F. Martin* and Mr. *Max Kravitz*, for appellant.

O'Neill, C. J.  Section 2343.04 of the Columbus City Codes reads:

"No person shall appear upon any public street or other public place in a state of nudity or in a dress not belonging to his or her sex, or in an indecent or lewd dress."

Appellant states as a proposition of law that Section 2343.04 "* * * is unconstitutionally vague on its face on the grounds it fails to give fair notice of the conduct forbidden by the ordinance and fails to provide guidelines to law enforcement officials charged with its enforcement."

Appellee maintains that this court should not consider appellant's void-for-vagueness argument for the reason that such argument was not presented to the Court of Appeals or to the trial court.  In support of this contention, appellee cites *Kimball* v. *Kimball Bros., Inc.* (1944), 143 Ohio St. 500, 56 N. E. 2d 60, and R. C. 2505.21.

In *Kimball*, the question was whether on appeal the parties could, by stipulation, raise "a question not presented to the trial court."  It was held, in paragraph one of the syllabus, that:

"An appellate court, on appeal on questions of law, reviews the judgment of the court below upon the record as therein made and is without legal authority to consider a stipulation of facts presenting questions not presented to or passed upon by the trial court."

The record in this cause shows that appellant raised the question of the constitutionality of the ordinance by motion to dismiss in the trial court.  In the Court of Appeals, appellant assigned as error the trial court's refusal to grant that motion.  Thus, appellant raised the question of the

constitutionality of the ordinance in both the trial court and the Court of Appeals. However, the record does not show that appellant argued in either of the courts below, as he does here, that the ordinance is unconstitutionally void for vagueness.

In *Kimball*, an attempt was made to present a question of fact to the Court of Appeals which was not before the trial court, while here the basic question at issue—the constitutionality of the ordinance—was presented to the trial court and the Court of Appeals. The *Kimball* case is, therefore, distinguishable, and is not controlling.

R. C. 2505.21 reads, in part:

"Appeals taken on questions of law shall be heard upon assignments of error filed in the cause or set out in the briefs of the appellant before hearing. Errors not specifically pointed out in the record and separately argued by brief may be disregarded, but the court may consider and decide errors which are not assigned or specified. * * *"

R. C. 2505.21 was construed in *State* v. *Juliano* (1970), 24 Ohio St. 2d 117, 265 N. E. 2d 290, wherein, at page 120, the court said:

"Although, under R. C. 2505.21, this court may disregard errors not specifically pointed out in the record and separately argued, it *may*, in appropriate instances, consider errors of record which were not argued. * * *"

Inasmuch as appellant raised the question of constitutionality of the ordinance in the trial court, and preserved that issue both in the Court of Appeals and in this court, we deem it appropriate to consider appellant's contention that the ordinance is unconstitutionally void for vagueness.

It is appellant's position that the ordinance " fails to give fair notice of the conduct forbidden * * * and fails to provide guidelines to law enforcement officials charged with its enforcement."

In holding a Cincinnati ordinance prohibiting prowling unconstitutional in *Cincinnati* v. *Taylor* (1973), 36 Ohio St. 2d 73, 303 N. E. 2d 886, it was said in the course of the opinion, at page 75:

"Section 901-P10 is unconstitutionally void for vagueness, because it does not provide adequate standards by which activity can be determined as legal or illegal.

"The standard is inadequate '* * * to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.' *United States* v. *Harriss* (1954), 347 U. S. 612, 617.

"The ordinance is also inadequate in providing guidelines for law enforcement officials charged with its enforcement. Such boundless discretion granted by the ordinance encourages arbitrary and capricious enforcement of the law. * * *"

The rationale underlying the "void for vagueness" doctrine was expressed in *Columbus* v. *Thompson* (1971), 25 Ohio St. 2d 26, 266 N. E. 2d 571, wherein, at page 30, it was stated:

"Basic to any penal enactment is the requirement that it be sufficiently clear in defining the activity proscribed, and that it contain 'ascertainable standards of guilt.' *Winters* v. *New York* (1948), 333 U. S. 507, 515.

"The purpose of such a requirement is, as stated in *Connally* v. *General Construction Co.* (1926), 269 U. S. 385, 391, '* * * to inform those who are subject to it what conduct on their part will render them liable to its penalties * * *. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. * * *'"

Appellant was convicted for violating the provision of the ordinance prohibiting public appearance by any person "* * * in a dress not belonging to his or her sex." The determinative issue is whether the quoted language of the ordinance gives "a person of ordinary intelligence fair notice that his contemplated conduct is forbidden," or whether that language is so vague "that men of common

intelligence must necessarily guess at its meaning and differ as to its application.''

Modes of dress for both men and women are historically subject to changes in fashion. At the present time, clothing is sold for both sexes which is so similar in appearance that ''a person of ordinary intelligence'' might not be able to identify it as male or female dress. In addition, it is not uncommon today for individuals to purposely, but innocently, wear apparel which is intended for wear by those of the opposite sex.

Once it is recognized that present-day dress may not be capable of being characterized as being intended for male or female wear by a ''person of ordinary intelligence,'' the constitutional defect in the ordinance becomes apparent.

The defect is that the terms of the ordinance, ''dress not belonging to his or her sex,'' when considered in the light of contemporary dress habits, make it ''so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'' Therefore, Section 2343.04 of the Columbus City Codes violates the due process clause of the Fourteenth Amendment to the United States Constitution.

It follows that Section 2343.04 ''* * * is also inadequate in providing guidelines for law enforcement officials charged with its enforcement.'' This infirmity is of special significance in relation to the ordinance here which makes ''* * * criminal activities which by modern standards are normally innocent.'' *Papachristou* v. *Jacksonville* (1971), 405 U. S. 156, 163.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.