THE STATE OF OHIO, APPELLEE, *v.* ROGERS, APPELLANT.

[Cite as State v. Rogers (1975), 44 Ohio App. 2d 289.]

(No. C-74384—Decided June 23, 1975.)

*Mr. Thomas E. Luebbers, Mr. Paul J. Gorman* and *Mr. Thomas J. Rogers,* for appellee.

*Mr. Peter Rosenwald,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket and journal entries and original papers from the Hamilton County Municipal Court; the assignments of error; and the briefs and arguments of counsel. It concerns a judgment of the Hamilton County Municipal Court finding defendant Regina Rogers, the appellant, guilty of endangering her child, a violation of R. C. 2919.22(B).

The events leading up to the conviction began on February 10, 1974, when one Vella Ellis, the principal of Rockdale School, located in Cincinnati, had occasion to examine the defendant's kindergarten age daughter, Kimberly. Ellis observed bruises on the child's body and on the basis of that observation notified the Children's Protective Service.

A specialist from the Cincinnati Police Department con-

ducted a follow-up investigation at the defendant's home and observed similar bruises on the child's body. Following this investigation, charges were filed against the defendant.

The cause was tried to the court sitting without the intervention of a jury on June 10, 1974, and the defendant was found guilty. She was sentenced according to law, the sentence was suspended, and she was placed on probation. The defendant initiates this appeal from the court's judgment.

The defendant first argues that R. C. 2919.22(B) is unconstitutionally vague and overbroad. This section provides, in pertinent part, that which follows.

"No person shall do any of the following to a child under eighteen * * *

"(2) Administer corporal punishment or other physical disciplinary measure * * * which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child * * *."

Testimony was adduced by the state to the effect that the child bore bruises "* * * on her arm, face, nose and forehead." Moreover, photographs were admitted into evidence which bore witness to the severity of the beatings to which the child had been subjected.

Defendant also contends that the word "corporal" is fatally vague as employed in the above statute. An examination of the word as defined in both Webster's New Collegiate Dictionary (1973), and in Webster's Third New International Dictionary of the English Language (unabr. 1966) reveals that the primary meaning in each case is: "of, relating to, or effecting the body," and "affecting, relating to, or belonging to the body." It seems incongruous to us to exclude the extremities of the body (i. e., head, hands, feet, legs, etc.) from such a definition. We conclude, therefore, that it was the intention of the legislature to apply to the word "corporal" its ordinary meaning embracing the entire body, and not merely the trunk.

It follows that the trial court, in employing the term

"corporal punishment" in its ordinary usage, did not err in applying that term to the facts of this case and arriving at its conclusion that the defendant had exercised disciplinary measures upon a child of very tender years which were excessive under the circumstances.

We hold that R. C. 2919.22(B) is not unconstitutionally vague or overbroad since a person of ordinary sensibilities and intelligence should be capable of ascertaining its meaning and abiding by its proscriptions. The first assignment of error is without merit.

The defendant next contends that the judgment is contrary to the manifest weight of the evidence. The defendant argues that inasmuch as no direct evidence was adduced by the state to incriminate the defendant, the circumstantial evidence which was adduced was insufficient to bring the defendant within the purview of R. C. 2919.22(B). The record, however, reveals that substantial credible evidence was adduced by the state which, in addition to depicting the physical condition of the child, also demonstrated the overall attitude of the defendant regarding her manner of disciplining the child. One of the witnesses testified:

"She stated while I was taking a photograph of the child's face * * * that *she would beat her anyplace she wanted to, at any time and with any belt she wanted to.*" (Emphasis added.)

The same witness responded, while on the stand:

"Q. Did she make any other statements concerning the child?

"A. Yes, that she would beat her anytime she wanted to."

Clearly, the court, as the trier of fact, had abundant probative and credible evidence before it to reach its conclusion. This assignment of error is without merit and is accordingly overruled.

The defendant contends in her third assignment of error that the photographs of the child were improperly admitted to defendant's prejudice. It is axiomatic that "* * * photographs and color transparencies are not objectionable so long as they are properly identified, are relevant

and competent, and are accurate representations of the scene which they purport to portray." *State* v. *Woodards* (1966), 6 Ohio St. 2d 14, 25.

In the case at bar, the photographs were properly identified and are clearly "relevant and competent." Defendant's sole objection to their admission appears to turn on the technicality of the words employed to facilitate their admission. An examination of the record reveals that a witness responded thusly:

"Q. Are those a fair and accurate representation of the child as you saw her on that date?

"A. No, they're not, *the marks were worse.*" (Emphasis added.)

It follows that since the photographs tended to diminish the severity of the appearance of the child's bruises, such photographs would inure to the benefit of the defendant and no prejudice would result through their admission. The trial court did not err, therefore, in permitting the photographs to be entered into evidence. Defendant's third assignment of error is not well taken, and the judgment of the Hamilton County Municipal Court is affirmed.

*Judgment affirmed.*

Shannon, P. J., Palmer and Keefe, JJ., concur.