ZIEVERINK, D.B.A. COLONIAL ACRES NURSING HOME, APPELLANT, *v.* ACKERMAN, DIR., APPELLEE.

(No. C-790748—Decided
January 28, 1981.)

*Messrs. Kimpel, Hyland, Weinkam &
Goodson* and *Mr. Robert G. Hyland,* for
appellant.

*Mr. William J. Brown,* attorney
general, and *Mr. Richard J. Forman,* for
appellee.

*Per Curiam.* This cause came on to be
heard upon an appeal from the Court of
Common Pleas of Hamilton County.

Appellant, Dorothy Zieverink, d.b.a.
Colonial Acres Nursing Home, operates a
nursing home. Her license for this home
was revoked by the appellee, the Director
of Health of the Ohio Department of
Health, after a hearing, in which it was
established that appellant had failed to in-
stall an automatic sprinkling system as re-
quired by R.C. 3721.071. Appellant ap-
pealed this license revocation to the Court
of Common Pleas of Hamilton County. In
that court appellant filed a motion to in-
troduce evidence not presented at the
Department of Health hearing. The
evidence she wished to introduce related
to the constitutionality of R.C. 3721.071.
This motion was denied. The Court of
Common Pleas subsequently affirmed the
order of the Director of Health, revoking
appellant's license, on the ground that
such order was supported by reliable,
substantial and probative evidence. Ap-
pellant timely filed her notice of appeal.

In her single assignment of error, ap-
pellant contends that the lower court
erred in denying her motion to introduce
evidence. Having reviewed the facts and
the applicable law, we can only conclude
that the lower court was entirely correct
in denying appellant's motion.

Appellant's appeal to the Court of
Common Pleas was brought pursuant to
R.C. 119.12. That statute provides (at all
times relevant herein), in pertinent part,
as follows:

"Unless otherwise provided by law, in
the hearing of the appeal the court is con-
fined to the record as certified to it by the
agency. Unless otherwise provided by
law, the court may grant a request for the
admission of additional evidence when
satisfied that such additional evidence is
newly discovered and could not with rea-
sonable diligence have been ascertained
prior to the hearing before the agency."

In accordance with this provision, the
Court of Common Pleas was required to
confine itself to a review of that record
before the Department of Health. The
court could have considered additional
evidence only if it was established that
such evidence was newly discovered and
was not available prior to the Department
of Health hearing. *Andrews* v. *Bd. of Li-
quor Control* (1955), 164 Ohio St. 275 [58
O.O. 51].

Such facts were not even alleged in
the court below. Appellant merely re-
quested to submit additional evidence in
order to prove that the statute was un-
constitutional as applied to her. Whatever
the merits of appellant's argument as to
the constitutionality of the statute (R.C.
3721.071), the court was obliged to com-
ply with the terms of the statute under
which the appeal had been taken (R.C.
119.12). If appellant had presented
evidence *before* the Department of Health
relating to the constitutionality of the
statute as applied to her, she would then
have been entitled to have the court deter-
mine that question. However, not having
presented such evidence before the agen-
cy, she is precluded by the terms of R.C.
119.12 from raising that question by in-
troducing new evidence before the Court
of Common Pleas, *unless* such evidence

was newly discovered. Since appellant did not establish that the additional evidence which she wished to introduce was "newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency" (R.C. 119.12), the trial court was entirely correct in denying her motion to introduce such evidence. The assignment of error is without merit.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and DOAN, JJ., concur.