**CITY OF TOLEDO, Appellee,**

**v.**

**JABER, Appellant.**

[Cite as *Toledo v. Jaber* (1996), 113 Ohio App.3d 874.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–246.

Decided Aug. 30, 1996.

*Mary E. Heben,* for appellee.

*Norman A. Abood* and *Ernest L. Jarrett,* for appellant.

*Per Curiam.*

This is an appeal from a judgment of the Toledo Municipal Court following a bench trial in which appellant, Mohamed M. Jaber, was convicted of two violations of Toledo Ordinances 723.02 for operating a public dance hall without a license. Appellant sets forth the following three assignments of error:

"I. Whether the city of Toledo dance hall ordinance is unconstitutional due to vagueness?

"II. Whether the application and enforcement of the ordinance was arbitrary, capricious and discriminatory so as to render its application in the case at bar unconstitutional?

"III. Whether the defendant was an operator of a 'public dance hall?' "

The following facts are relevant to this appeal. Appellant had operated a restaurant/night club business in Toledo since 1988 at the same location under

several different names. Over the years, the emphasis of the business changed from a full-menu restaurant to increased night club activities. Appellant never obtained, nor was he cited for not obtaining, a license to operate a public dance hall during the first two and one-half years of operation. On July 25, 1991, appellant applied for a public dance hall license; his application was denied by letter dated August 7, 1991. Although an appeal of this denial was filed, the appeal was abandoned when appellant closed his business. In August 1991, appellant was cited for two violations of Toledo Ordinances 723.02, operating a public dance hall without a license.[1] Appellant was tried in May 1994, and convicted of these two charges. This appeal was timely filed.

In his first assignment of error, appellant argues that the Toledo public dance hall ordinance is unconstitutionally vague. Specifically, appellant argues that the word "dance" is ambiguous and is not defined in either Toledo Ordinances 723.01 or 723.02.[2] Appellant's assignment of error is based on the proposition that the ordinance is unconstitutional because it is so vague that persons of common intelligence must guess at its meaning and differ as to its application. The attack upon the ordinance centers upon the definition of the term "public dance," appellant submitting that the term is so vague and overbroad as to include virtually every social gathering.

In *Jacobs v. Jacobs* (1995), 102 Ohio App.3d 568, 572, 657 N.E.2d 580, 583, in regard to the rules of statutory construction, the court stated:

"In particular, the polestar of statutory interpretation is legislative intent to be determined from the words employed by the General Assembly as well as the

---

1. Appellant was also cited on July 20, 1991 and August 3, 1991, for violating Toledo Ordinance 723.02 but was found not guilty of these charges. Additionally, he was cited for one violation of R.C. 4399.14, but this charge was dismissed.

2. Section 723.01(a) and (b) provide:

"(a) 'Public dance,' as used in this chapter, means any dance to which admission may be had by the payment of a fee or by the purchase, possession or presentation of a ticket or token obtained by money or any valuable thing; or in which a charge is made for caring for clothing or other property; or dance where a permanently organized society, club, firm, organization or corporation leases, rents or collects a fee for the use of any room, place or space; or any other dance to which the public generally may gain admission with or without the payment of a fee.

"(b) 'Public dance hall', as used herein, means any room, place or space in which a public dance shall be held or any hall in which instruction in dancing is given for hire."

Section 723.02 provides:

"No person, society, club, firm, organization or corporation shall hold any public dance or give instruction in dancing for hire in any hall within the limits of the City until the dance hall in which the same may be held has first been duly licensed for such purposes. Provided, however, that such person or persons obtaining such licenses must enforce at such dance the requirements herein provided for the governing of public dance halls. Failure on the part of any person or persons to obtain such license or comply with the foregoing shall subject him or them to the penalties provided for in this chapter."

purpose to be accomplished by the statute. Statutory words and phrases must be given their usual, normal or customary meaning unless they have acquired a technical or particular meaning by legislative definition or otherwise. Effect must be given to words utilized; a court cannot ignore words used nor add words not included to reach a desired result. Finally, it is the duty of any court, when construing a statute, to give effect to all pronouncements and to render the statute compatible and harmonious with other related enactments or amendments, if possible." (Citations omitted.)

Furthermore, R.C. 1.42 provides that words in a statute must be read in context and construed according to the rules of grammar and common usage. The test to be applied was articulated by the Ohio Supreme Court in *Columbus v. Rogers* (1975), 41 Ohio St.2d 161, 70 O.O.2d 308, 324 N.E.2d 563, citing *United States v. Harriss* (1954), 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989. In *Columbus v. Rogers*, 41 Ohio St.2d at 164, 70 O.O.2d at 309, 324 N.E.2d at 565, the court noted that "[t]he underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." In *State v. Rogers* (1975), 44 Ohio App.2d 289, 291, 73 O.O.2d 329, 330–331, 337 N.E.2d 791, 793–794, the court held that a statute is not unconstitutionally vague or overbroad where a person of ordinary sensibilities and intelligence should be capable of ascertaining its meaning and abiding by its proscriptions.

■ Appellant urges that the meaning of "dance" as used in Section 723 is ambiguous and vague and that there is no common understanding of what a "dance" is as there is for other events such as an election, a world series, or a trial. This court does not agree. The word "dance" has been employed so commonly and so long to describe a social gathering for dancing that we are unpersuaded by appellant's argument that its meaning is unknown to persons of ordinary intelligence. This term is ingrained in the English language and is used in the ordinance here questioned in its common and ordinary sense. See Webster's Ninth New Collegiate Dictionary.

In *Chapman v. Deller* (May 17, 1991), Lucas App. No. L–90–151, unreported, 1991 WL 82983, it was argued that a community room in an apartment complex met the definition of a public dance hall. This court held that the community room did not meet the definition set forth in *Silverton v. Davis* (1907), 10 Ohio C.C. (N.S.) 60, 63, affirmed (1909), 80 Ohio St. 709, 89 N.E. 1126 and could not be characterized as a public dance hall as a matter of law. In *Silverton v. Davis*, 10 Ohio C.C. (N.S.) at 63, the court noted the following as indicative of the kind of evidence that should be adduced in an action for not taking out a license for a public dance hall: advertising and use for the purpose of profit or gain. In *Hetzel Enterprises, Inc. v. Columbus License Appeal Bd.* (Sept. 18, 1975), Franklin App. No. 75AP–120, unreported, the court held that the fact an

establishment was designated a tavern, which did not require a fee to dance, did not place it outside the definition of "dance hall." The court stated that because there was public dancing at the establishment, it is within the purview of Columbus City Code sections regulating that activity.[3]

Appellant argues that the ordinance at issue is as vague as or vaguer than the ordinance held unconstitutionally vague in *Cleveland v. Baker* (1960), 83 Ohio Law Abs. 502, 167 N.E.2d 119. In that case, the ordinance at issue prohibited "unlawful congregation on sidewalks" but failed to define "unlawful congregation." The ordinance could, in the language of *Cleveland v. Baker*, 83 Ohio Law Abs. at 503–504, 167 N.E.2d at 121, "permit the arrest of two or more friends or relatives found conversing on the sidewalk before or after church or before entering or after leaving a place of amusement. It could permit the arrest of two or more lawyers or doctors found on the sidewalk discussing their cases. It could prevent a group of friends in the city for a convention from meeting in groups while touring the city either for business or pleasure. Many other situations could be enumerated which would convert conduct which is prima facie lawful into that which is criminal under this ordinance."

The *Baker* court stated that the ordinance could permit the police to arrest either the leader of the group, the whole group, or any portion of the group as suited their pleasure, or as they in their sole discretion determined necessary, advisable or convenient; and that an ordinance which forbids an act in terms so vague that persons of common intelligence and understanding must guess as to its meaning and differ as to its application violates "the first essential of due process of law." *Id.* at 504, 167 N.E.2d at 121. This court is unpersuaded by appellant's argument that the Toledo public dance hall ordinance is as vague and constitutionally flawed as the ordinance in *Baker*.

This court concludes that because the ordinance in its several parts is couched in words and terms so infused into the English language and so used in commerce between people of ordinary intelligence that it cannot be said to fail to convey reasonably to any person what conduct is proscribed thereby and for which he will be held criminally responsible.[4]

---

**3.** Other cases involving constitutional challenges to the regulation of public dance halls include *Dallas v. Stanglin* (1989), 490 U.S. 19, 109 S.Ct. 1591, 104 L.Ed.2d 18 (the court noted the "potential evil" of public dance halls and concluded city could limit contact between adults and minors); *Rowland v. State* (1922), 104 Ohio St. 366, 135 N.E. 622 (statute prohibiting a public dance without a permit held constitutional). See, also, R.C. 715.61, which grants authority to municipal corporations to regulate and license amusements, including public ballrooms.

**4.** See *Cincinnati v. Darks* (Sept. 13, 1978), Hamilton App. Nos. C–77422 and C–77715, unreported (court held a public dance hall ordinance, virtually identical to Chapter 723, was

Accordingly, the first assignment of error is not found well taken.

In his second assignment of error, appellant contends that the application and enforcement of the Toledo public dance hall ordinance was so arbitrary, capricious and discriminatory as to render its application unconstitutional. This argument is without merit.

In *South–Western City Schools Bd. of Edn. v. Kinney* (1986), 24 Ohio St.3d 184, 185, 24 OBR 414, 415, 494 N.E.2d 1109, 1111, the Ohio Supreme Court stated:

"One who challenges the constitutional application of legislation to particular facts is required to raise that challenge at the first available opportunity during the proceedings before the administrative agency."

In *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, the Ohio Supreme Court held that a party challenging the constitutionality of a statute as applied must raise the challenge at the first available opportunity during the administrative proceedings. See, also, *Consumers' Counsel v. Pub. Util. Comm.* (1994), 70 Ohio St.3d 244, 248, 638 N.E.2d 550, 553–554; *Zieverink v. Ackerman* (1981), 1 Ohio App.3d 10, 11, 1 OBR 51, 51–52, 437 N.E.2d 319, 319–320. In the case *sub judice,* appellant did not pursue his appeal of the denial of his application for a public dance hall license and, thus, did not challenge the constitutionality of the ordinance, as applied, at the first available opportunity.

Accordingly, appellant's second assignment of error is found not well taken.

In his third assignment of error, appellant argues that he was not an operator of a public dance hall. Although appellant admits in his brief that "on some occasions his customers engaged in the act of dancing," appellant argues that he was never "the sponsor of an event which could fairly be described as a 'dance.'" Based on this argument, appellant contends that his convictions for operating a public dance hall without a license must be reversed.

In light of this court's decision in *Chapman v. Deller* (May 17, 1991), Lucas App. No. L–90–151, unreported; the definition set forth in *Silverton v. Davis* (1907), 10 Ohio C.C. (N.S.) 60, 63, affirmed (1909), 80 Ohio St. 709, 89 N.E. 1126; and the decision in *Hetzel Enterprises, Inc. v. Columbus License Appeal Bd.* (Sept. 18, 1975), Franklin App. No. 75AP–120, unreported, and the evidence presented at trial, this court concludes that the trial court did not err in concluding that appellant was the operator of a public dance hall.

---

constitutional because "the ordinance was couched in words and terms so infused into the English language and so used in commerce between people of ordinary intelligence" that it could not "be said to fail to convey reasonably to any man what conduct is proscribed thereby and for which he will be held criminally responsible").

Accordingly, appellant's third assignment of error is found not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK and GLASSER, JJ., concur.

SHERCK, J., dissents.

SHERCK, Judge, dissenting.

I respectfully dissent. Since this is a criminal case, R.C. 2901.04 requires the statutory language be construed strictly against the state. This rule of construction is also applicable to municipal ordinances. *Vermilion v. Stevenson* (1982), 7 Ohio App.3d 170, 171, 7 OBR 215, 216–217, 454 N.E.2d 965, 966–967.

It is clear to me that the ordinance in question, which requires a license for a "public dance hall," refers to the type of dance hall found in the 1930s and 1940s: commercial ballrooms at which people congregated for the principal purpose of dancing. This, obviously, is not the type of establishment appellant was operating.

The city of Toledo suggests that a public dance hall is any public place where there is dancing. This definition could, at times, encompass any lounge or restaurant, almost all parks, some streets, most festivals; in other words, practically anywhere. This clearly, in my opinion, is contrary to the plain meaning and intent of the ordinance. Therefore, construed strictly against the city, the ordinance should be found not to state an offense against this defendant.