CITY OF CINCINNATI *v.* SAFIER.
CITY OF CINCINNATI *v.* LENCL.

[Cite as Cincinnati v. Safier (1970), 23 Ohio Misc. 182.]

(Nos. 40313 and 39963—Decided January 20, 1970.)

Hamilton County Municipal Court.

*Mr. William B. Singer,* for plaintiff.
*Mr. Allen Brown,* for defendant.

DENNING, J.   The court will consider these two matters simultaneously since the affidavits charge the violation of the same ordinance.   The court heard these matters on demurrers to the affidavits, filed herein by two different police officers charging the two defendants with passing out pamphlets within 100 feet of the entrance to Withrow High School.   The affidavits are exact in both instances except for the different affiants who are the police officers who made the arrests.

The one affidavit charges that William Safier on or about September 22, 1969, at and in the city of Cincinnati,

Hamilton County, state of Ohio, did unlawfully distribute pamphlets and other printed matter within 100 feet of the entrance to Withrow High School, 2488 Madison Road, during normal school hours.

The other affidavit charges that Mark G. Lencl, on September 16, 1969, did unlawfully distribute pamphlets and other printed matter within 100 feet of the entrance to Withrow High School, 2488 Madison Road, during normal school hours.

The demurrers filed herein attack the sufficiency of these affidavits on six grounds. The first question we must decide is does the affidavit sufficiently charge an unlawful act in violation of Section 901-C2 of the ordinances of the city of Cincinnati.

The second query, if it does, is Section 901-C2 of the Code of Ordinances of the city of Cincinnati constitutional?

We address ourselves first to query No. 1 concerning the sufficiency of Section 901-C2 of the Code of Ordinances to charge an offense and relates specifically to the language of the affidavit only. This ordinance was passed 59 years ago on May 21, 1911, and remained in the recodification ordinances passed on September 22, 1944, in the same language.

In order to exclude the excess verbiage pertaining to churches, and since the affidavit charges only a violation concerning schools, we read as follows:

*Section 901-C2—Church Congregation Annoying*

"Whoever shall * * * in any manner * * * distribute any pamphlet * * * or printed matter of any kind * * * within 100 ft. of any schoolhouse * * * during hours of instruction in any school, or during an hour preceding or an hour following such hours of instruction shall be fined," etc.

We must look first for the purpose or necessity for such restriction on our constitutional right of freedom of speech or the freedom of assembly, if such rights are intended to be restricted.

The title of the ordinance perhaps lends some information although it is no part of the ordinance, but merely descriptive of its purpose, to wit, to make it unlawful to

184

annoy a church congregation. We will not burden the language of the title to include *schools* in finding a purpose. If it was passed 59 years ago to prevent annoyance to a church congregation going to or coming from, or in the church, how then, do we determine what is the annoyance to the congregation and to what extent are the contents contained without specific language in the pamphlet annoying to the congregation. The affidavit or the ordinance does not disclose any conduct of the distributor that is objectionable, nor does the ordinance define any language in the pamphlet or literature which would set a norm so as to define its annoying qualities.

If the mere fact of passing out a piece of printed matter in front of the church, or within the church, a pastor of a congregation passing out a copy of his weekly schedule of coming events in the congregation, or even a financial report of such congregation during the church services or outside the church would be in violation of the ordinance, or if a teacher in a school who passes out copies of the national anthem, or a pamphlet entitled, ''Constitution of the U. S. published by the Government Printing Office in 1968,'' which can be obtained free from the government, or passing among the class an invitation to attend a Fourth of July celebration or even a copy of Lincoln's Gettysburg address during class hours, or before or after such class hours of instruction, or within 100 feet of a school would also be in violation of the law. If the purpose of this ordinance (901-C2) is to restrict the assembly of persons before or after, or during church or school hours, its intent should be clearly stated in the text. However, if this would be the purpose, then there is in effect an ordinance to prevent unlawful assembly of persons under certain conditions  If the purpose is to prohibit littering the streets in front of a church or school, it should be stated clearly, but then again, there is an ordinance against littering streets presently in effect. If its purpose is to make unlawful the dissemination of scurrilous or pornographic or treasonable literature, then it should clearly disclose this intent, and if this is the intent, then there are ample

ordinances in effect which make this unlawful. It is difficult for this court to imagine what circumstances 59 years ago would prompt a legislative body to enact such an all-encompassing law without describing, at least, what literature is annoying to the distributee or whether the voluntary acceptance by the distributee would constitute an unlawful act on the part of the distributor. We hold that the affidavits herein do not sufficiently charge an unlawful act.

Now as to the second proposition concerning the constitutionality of the ordinance in question, we must adhere and follow the decisions of the United States Supreme Court since the 1943 Civil Rights Act was passed, which dealt with many of the freedoms involved herein, to wit, the freedom of speech, the right of assembly, etc.

Many changes have taken place in the last 20 years concerning the concept of our liberties contained in the First and Fourteenth Amendments of the Constitution of the United States.

In *City of Toledo* v. *Sims*, 84 Ohio Law Abs. 476, we find: ''On the rationale expressed in the case of *Cleveland* v. *Baker* (83 Ohio Law Abs. 502), the court in this case finds that the demurrer directed to the various affidavits, considered herein together, should be sustained as to each affidavit for the reason that Sections 17-5-10 and 17-5-11 of the Toledo Municipal Code are violative of the constitutional rights of these defendants and is void for the further reason that the allegations in the various affidavits fail to allege the commission of any crime, subject to punishment as provided for in said ordinances. It is, therefore, ordered that each affidavit be, and it hereby is, dismissed and each defendant is discharged.''

The First Amendment to the Constitution of the United States provides that: ''Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.''

The Fourteenth Amendment to the Constitution of the

United States, Section 1, provides that: "* * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

In the case of *Hague* v. *Committee for Industrial Organization,* 307 U. S. 496 (83 L. Ed. 1423, 59 S. Ct. 954), the court stated, at page 515: "The privilege of a citizen of the United States to use the streets and parks for communication of views on national questions may be regulated in the interest of all; it is not absolute, but relative, and must be exercised in subordination to the general comfort and convenience, and in consonance with peace and good order; but it must not, in the guise of regulation, be abridged or denied."

In the case of *Schneider* v. *State (Town of Irvington),* 308 U. S. 417, 60 S. Ct. 146, deciding cases concerning ordinances of New Jersey, California, Milwaukee, and Massachusetts, headnote 8 as reported in 60 S. Ct. 146, states:

"Ordinances of the Cities of Los Angeles, California, and Worcester, Massachusetts, prohibiting the distribution of handbills are unconstitutional as abridging the freedom of speech and press, even though their operation is limited to streets and alleys and persons are left free to distribute printed matter in other public places, since a person's liberty of expression in appropriate places may not be abridged on the plea that it may be exercised in some other place."

The ordinances under discussion are restrictive as to the place and time that a person may distribute literature, which is contrary to the above expression of the Supreme Court and therefore would be unconstitutional. We therefore hold that, for the reasons above stated Ordinance 901-C2 is unconstitutional and the demurrers filed herein are sustained.

*Demurrers sustained.*