AMERITRUST COMPANY NATIONAL ASSOCIATION, Appellee,

v.

HICKS DEVELOPMENT CORPORATION, Appellant;
Treasurer of Licking County et al., Appellees.

[Cite as *Ameritrust Co. Natl. Assn. v. Hicks Dev. Corp.* (1993), 91 Ohio App.3d 377.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–631.

Decided Nov. 2, 1993.

378

*Emens, Kegler, Brown, Hill & Ritter* and *Larry J. McClatchey*, for appellee Ameritrust Company National Association.

*Gina M. Dougherty*, for appellant.

*Robert L. Becker*, Licking County Prosecuting Attorney, and *Pauline E. O'Neill*, Assistant Prosecuting Attorney, for appellee Treasurer of Licking County.

*Lee Fisher*, Attorney General, and *Gregory S. Severance*, Assistant Attorney General, for appellee Ohio Department of Taxation.

TYACK, Judge.

On May 21, 1991, Ameritrust Company National Association ("Ameritrust") filed a lawsuit on a cognovit note against Hicks Development Corporation ("Hicks"). The lawsuit also sought foreclosure on a related mortgage.

Attached to the complaint was a copy of the cognovit note, which was executed by C.W. O'Brien as president of Hicks and Kelly P. O'Brien as secretary of Hicks. The mortgage was also executed by the same two corporate officers.

The following day, the warrant of attorney was used to cause an answer confessing liability to be filed on behalf of Hicks. A judgment entry granting partial judgment was then journalized. Service of the complaint was perfected and Ameritrust subsequently filed a motion for default judgment as to the remaining claim for relief, that being the claim in foreclosure. A judgment in foreclosure was granted on February 4, 1992.

On February 27, 1992, a set of motions entitled "Motion to void judgment(s); and, motion for relief from judgment pursuant to Civil Rule 60(B); motion to quash service of process and request for expedited hearing prior to rule day for filing notice of appeal" was filed on behalf of Hicks. Hicks then pursued a direct appeal on the issue of the sufficiency of the service of process. In *Ameritrust Co.*

*Natl. Assn. v. Hicks Dev. Corp.* (Dec. 22, 1992), Franklin App. No. 92AP–290, unreported, 1992 WL 385637, we found sufficient service.

Charles William O'Brien also filed a motion seeking consolidation of this lawsuit with three other lawsuits in which he was involved. He alleged:

"A review of the records * * * clearly demonstrates that these cases and the parties and issues therein are virtually inseparable.

"The nucleus of the dispute involves a decision by Ameritrust to finance the purchase of a bowling center located at 4170 West Broad Street and known as Lincoln Village Lanes. Inherent in the financing was an express understanding and agreement between Ameritrust and all of the O'Brien Defendants and the various corporate Defendants that the O'Briens personally and in conjunction with the Corporations would rehabilitate the bowling center from personal and corporate rental funds; and, when the job was complete, Ameritrust would refinance the rental properties and the bowling center. * * *"

Ameritrust opposed the consolidation and the earlier motion seeking voiding of and/or relief from the judgment.

Hicks filed a motion seeking to tender an answer and also provided a copy of the answer it wished to file.

Hicks later filed a motion entitled "Emergency motion to hear Hicks Development Corporation's motion for relief from judgment and foreclosure and supplement" and contemporaneously sought a stay of the proceedings.

O'Brien then personally filed a motion seeking a change of venue, even though he was not a party to the lawsuit.

On April 15, 1993, the assigned trial judge ruled that Hicks had "failed to present sufficient facts or evidence to warrant vacation of the judgment." The trial court, therefore, overruled the motion pursuant to Civ.R. 60(B), as well as the motion seeking leave to tender an answer. The trial court also refused a stay of the proceedings and ordered the tendered answer and motion for change of venue stricken.

Hicks (hereinafter "appellant") then initiated this second appeal, assigning two errors for our consideration:

"1. The Trial Judge erred and abused his discretion by refusing to properly consider material facts which were before the Court prior to overruling Hicks Development Corporation's Motion to Vacate and To Tender Answer.

"2. The Trial Judge erred and abused his discretion in overruling Hicks Development Corporation's Motion to Vacate and Motion to Tender Answer."

The brief filed on behalf of appellant does not argue the two assignments of error separately, so we will address the two assignments of error jointly.

The motion devoted a significant amount of time to the issues regarding service which have been addressed in our earlier opinion. We see no reason to revisit those issues.

Another issue presented alleged that the note and mortgage executed on behalf of appellant by its president and secretary did not obligate appellant because no corporate resolution had been passed by the board of directors of appellant authorizing the note and mortgage. This issue is joined with a related issue alleging that the sums borrowed actually went to SZL Corporation, another corporation in which O'Brien alleges he is involved.

Two affidavits were appended to the Civ.R. 60(B) motion. One, by Claude Hicks, alleged that Hicks was chairman of the board of directors for appellant. The other was executed by Charles William O'Brien.

The affidavits allege that no action by the board of directors was sought by Ameritrust. However, the affidavits do not allege that O'Brien otherwise lacked authority to enter into the loan and mortgage on behalf of appellant. The documents filed by O'Brien personally in an effort to consolidate the four lawsuits filed by Ameritrust demonstrate that he had caused appellant, SZL and various other corporations to be set up to help him conduct his various businesses. Apparently, he was a member of the board of directors of appellant and SZL. He does not in this record deny having control of the stock of both corporations or that he conducted the affairs of both corporations on a daily basis.

■ Even if O'Brien's assertions regarding a lack of a corporate resolution were true, the lack of a corporate resolution, in and of itself, does not present a meritorious defense. There are other methods by which a corporation may become obligated in the absence of a corporate resolution.

■ The modern trend is that, by virtue of office, a president possesses actual implied authority which is binding of behalf of a corporation in ordinary business transactions. Henn & Alexander, Law of Corporations (3 Ed.1983) 595, Section 225. However, although a president generally is the proper officer to sign a binding contract, *Thompson Elec., Inc. v. Bank One, Akron N.A.* (1988), 37 Ohio St.3d 259, 263, 525 N.E.2d 761, 765, rehearing denied (1988), 38 Ohio St.3d 718, 533 N.E.2d 788, the mortgaging of a corporation's assets does not usually fall within the scope of "ordinary business transactions." See *In re Lee Ready Mix & Supply Co.* (C.A.6, 1971), 437 F.2d 497; R.C. 1701.65 (a corporate mortgage is a function of the board of directors).

A contract entered into by an officer which is unauthorized may nonetheless be binding upon a corporation if there is a ratification on the part of the board of directors. *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St.3d 54, 55, 24 OBR 135, 135–136, 493 N.E.2d 239, 249, citing *Kimball v. Kimball* (1944), 143 Ohio St. 500, 506–507, 28 O.O. 425, 428, 56 N.E.2d 60, 62–63. Such a ratification may be either express or by implication. *Campbell*, 24 Ohio St.3d at 57, 24 OBR at 137, 493 N.E.2d at 241. Where the board of directors possesses actual knowledge of the facts, a ratification may be effected through (1) the acceptance of a benefit from the contract, (2) acquiescence, or (3) a failure to repudiate the contract within a reasonable period of time. *Campbell, supra.*

In the present action, a ratification of the contract may have occurred through appellant's failure to repudiate the contract within a reasonable period of time. The record indicates that appellant and its officers were aware of the proceedings pending against them yet failed to act until after a default judgment was entered. Additionally, the record indicates that the board of directors had notice of the contract's existence well before it acted to deny liability following the filing of the lawsuit. "The knowledge of the officers of a corporation is at once the knowledge of the corporation." *Arcanum Natl. Bank v. Hessler* (1982), 69 Ohio St.2d 549, 23 O.O.3d 468, 433 N.E.2d 204, citing *First Natl. Bank of New Bremen v. Burns* (1913), 88 Ohio St. 434, 103 N.E. 93. The members of a board of directors have a duty to remain informed about the conduct of the business. See *Juergens v. Venture Capital Corp.* (1973), 1 Mass.App.Ct. 274, 295 N.E.2d 398, 401.

Alternatively, we observe that an officer may have apparent authority where a corporation expresses to a third person that the officer may act in its behalf and the third person, in good faith, believes that such authority exists. Henn & Alexander, *supra*, at 603–604, Section 226. See, also, *Master Consol. Corp. v. BancOhio Natl. Bank* (1991), 61 Ohio St.3d 570, 575 N.E.2d 817, syllabus. The existence and scope of apparent authority are determined by virtue of the manifestations of the principal rather than those of the putative agent. *Id.* at 576–577, 575 N.E.2d at 822.

In *Master Consol. Corp.*, the Supreme Court of Ohio found that a vice-president possessed apparent authority for the purpose of requesting and directing the distribution of bond proceeds where the language of the bond agreement contract and several communications by the corporate secretary supported the conclusion that such authority existed. *Id.* at 578–580, 575 N.E.2d at 823–824. The language agreed to by the corporation in the contract and affirmed by the secretary served as representations by the corporation that apparent authority existed.

This case presents a similar set of circumstances. Here, appellant's president entered into the borrowing resolution and appellant's secretary, as in *Master Consol. Corp.*, expressed that the required corporate authorization had been procured. Accordingly, appellant's president may have acted with apparent authority in contracting for the note and mortgage.

Since appellee apparently relied upon appellant's assertions in issuing the proceeds of the note, appellant may be estopped from denying that its president possessed the authority to contract with appellee.

In sum, since appellant may have ratified and/or authorized the note and mortgage, appellant did not place before the trial court facts which demonstrated the existence of a viable defense. Therefore, the trial court did not err in finding no valid issue implying a defense based upon the lack of a corporate resolution.

Another set of issues alleged by appellant is that the loan was never funded and/or there was a failure of consideration.

Given the relationship between SZL and appellant demonstrated by the documents filed by O'Brien in his effort to consolidate, the fact that the funds were directed to one corporation as opposed to another does not affect the validity of the note and mortgage. Certainly providing the funds involved at the direction of the president of the corporation to a different corporation with which he is involved does not present a defense of a failure of consideration.

Finally, the affidavits do not demonstrate any facts constituting a fraud, the last issue alleged in the motion.

We do not view the record here, taken as a whole, as presenting a defense to the lawsuit which could be considered even arguably meritorious. As a result, we do not believe that a hearing was necessary before the trial court overruled the Civ.R. 60(B) motion.

As a result, we overrule the assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and PETREE, J., concur.