IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 18, 2015 Session

**CARDINAL HEALTH 108, INC., ET. AL. v. EAST TENNESSEE HEMATOLOGY-ONCOLOGY ASSOCIATES, P.C., ET. AL.**

**Appeal from the Chancery Court for Washington County**
**No. 41913     Hon. John C. Rambo, Chancellor**

---

**No. E2015-00002-COA-R3-CV-FILED-JANUARY 14, 2016**

---

This is a breach of contract action in which the trial court granted summary judgment to a creditor against defendant doctors. We affirm the grant of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Thomas C. Jessee, Johnson City, Tennessee, for the appellant, M. Ray Lamb, MD.

James E. Moon, Fort Myers, Florida, for the appellant, William R. Kincaid, MD.

Margaret Burns Fugate, Johnson City, Tennessee, for the appellant, Charles O. Famoyin, MD.

Rick J. Bearfield, Johnson City, Tennessee, for the appellees, Cardinal Health 108, Incorporated and Cardinal Health 200, LLC.

**OPINION**

**I.     BACKGROUND**

On May 31, 2011, East Tennessee Hematology-Oncology Associates, PC, doing business as McLeod Cancer and Blood Center ("McLeod"), completed a credit application for Cardinal Health ("Cardinal Health"), a specialty pharmaceutical supplier. McLeod is owned by William R. Kincaid, MD; M. Ray Lamb, MD; and Charles O. Famoyin, MD (collectively "Defendants"). The application contained a security

agreement providing Cardinal Health with a security interest in McLeod's personal property. McLeod's business administrator, Mike Combs, signed the credit application and security agreement; however, Defendants personally signed a guaranty of the debt as part of the credit application. The guaranty provided as follows:

> The undersigned Principal(s) of Applicant, by reason of their interest in Applicant and as an inducement for Cardinal Health to extend credit to Applicant, hereby personally, jointly and severally, irrevocably, and unconditionally guarantee to Cardinal Health and its subsidiaries, affiliates and successors, and assigns (each a Guaranteed Party) the prompt and full payment (and not merely the ultimate collectability) and performance of all obligations of Applicant to each Guaranteed Party, whether now existing or hereafter arising. The undersigned authorize Cardinal Health to verify this information and/or additional information by obtaining data from a credit reporting agency. If Applicant or its business is hereafter sold, this guaranty shall continue to apply to all credit thereafter made available to that Applicant or its business (as the case may be) until such time as Cardinal Health has received 5 days advanced written notice (via certified mail, return receipt requested) that Applicant and/or Personal Guarantor(s) will no longer be responsible for credit thereafter made available with respect to that Applicant or its business. This guaranty shall be governed by the laws of the State of Ohio.

McLeod ordered and received pharmaceutical products and supplies from Cardinal Health pursuant to the agreement. McLeod failed to pay for the products and supplies it ordered and received.

On January 22, 2013, Cardinal Health 108, Incorporated and Cardinal Health 200, LLC (collectively "Plaintiffs") filed suit against McLeod and Defendants. Plaintiffs alleged in the complaint that they are subsidiaries, related or affiliated companies of Cardinal Health. Defendants, each responding individually to the complaint, denied personal responsibility for the outstanding debt. An agreed judgment, signed by each defendant, was later entered in favor of Plaintiffs against McLeod in the amount of $1,247,974.97, plus post-judgment interest.

Thereafter, Plaintiffs filed a motion for summary judgment, alleging that the undisputed facts entitled them to a judgment as a matter of law against Defendants. Plaintiffs provided a statement of undisputed material facts, which provided, as follows:

> 1. On or about May 31, 2011, [McLeod] entered into a Credit Application with Cardinal Health (the "Credit Agreement"). A true and

correct copy of the Credit Agreement is attached to the Complaint as Exhibit A.

2.      Subsequently, McLeod ordered and received pharmaceutical products and supplies from Cardinal Health on account (the "Trade Account").

3.      On or about May 31, 2011, [Defendants] executed their Guarantees (the "McLeod Guarantee") of the McLeod debt. A true and correct copy of McLeod Guarantee is part of the credit application attached to the Complaint as Exhibit A.

4.      McLeod failed to pay Cardinal Health's invoices for the pharmaceutical products and supplies that it ordered and received and Cardinal Health obtained an Agreed Judgment against McLeod for the amounts owing.

5.      The amount of the Judgment was $1,247,974.97, plus post-judgment interest at the rate of Eighteen Percent (18%) per annum.

(Internal citations omitted).

Defendants agreed that the material facts were undisputed for purposes of ruling on the motion. As pertinent to this appeal, Defendants alleged that the following additional material facts were disputed and prohibited entry of summary judgment:

1.      Plaintiffs were not named as parties in the guaranty.

2.      The amount owed was not proven other than by the filing of an account balance.

3.      Neither the security agreement nor the guaranty sufficiently describe what Defendants were guaranteeing and for which corporation.

4.      The security agreement was signed by a business administrator who lacked authority to bind McLeod and Defendants pursuant to the plain terms of the security agreement.

Dr. Lamb further alleged that he had no contact or business relationship with Plaintiffs and that he did not sign the security agreement. Plaintiffs responded by asserting that the additional facts pled by Defendants were not genuine issues of material fact that would

preclude summary judgment. Plaintiffs noted that Defendants agreed to the entry of a judgment against McLeod, thereby acknowledging the debt secured by the guaranty.

Following a hearing, the trial court granted the motion for summary judgment, finding that Defendants had not denied their execution of the guaranty and that they agreed to secure the obligation as applied to Cardinal Health and any subsidiaries. The court further found that the amount owed was established in the agreed judgment entered against McLeod. This timely appeal followed.

## II.    ISSUE

We restate the issue raised on appeal as follows:

Whether the trial court erred in granting the motion for summary judgment.

## III.    STANDARD OF REVIEW

The contract at issue contained a choice of law provision providing that the agreement would be governed by Ohio law. While Ohio law governs the interpretation of the agreement, Tennessee law governs procedural matters, including the applicable standard of review. *Charles Hampton's A-1 Signs, Inc. v. Am. States Ins. Co.*, 225 S.W.3d 482, 487 (Tenn. Ct. App. 2006).

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment "must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g. Co.*, 270 S.W.3d 1, 9 (Tenn. 2008), *superseded by statute*, 2011 Tenn. Pub. Acts ch. 498 §§ 1, 3 (codified at Tenn. Code Ann. § 20-16-101), *and overruled by Rye v. Women's Care Center of Memphis, MPLLC*, -- S.W.3d --, 2015 WL 6457768, at *21-22 (Tenn. Oct. 26, 2015).[1] "The burden-shifting analysis differs [when] the party bearing the burden at trial is the moving party. For example, a plaintiff who

---

[1] The Tennessee General Assembly legislatively attempted to reverse our Supreme Court's holding in *Hannan* as applied to cases filed on or after July 1, 2011, where the moving party who does *not* bear the burden of proof at trial files the motion. Tenn. Code Ann. § 20-16-101. Our Supreme Court also overruled *Hannan* as applied to all cases where the moving party who does *not* bear the burden of proof at trial files the motion. *Rye v. Women's Care Center of Memphis, MPLLC*, -- S.W.3d --, 2015 WL 6457768, at *21-22 (Tenn. Oct. 26, 2015). In this appeal, we will continue to apply the summary judgment standard set forth in *Hannan* because Plaintiff filed the motion for summary judgment.

files a motion for partial summary judgment on an element of his or her claim shifts the burden by alleging undisputed facts that show the existence of that element and entitle the plaintiff to summary judgment as a matter of law." *Id.* at 9 n. 6. When the moving party has made a properly supported motion, the "burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5; *see Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn. 1993). The nonmoving party may not simply rest upon the pleadings but must offer proof by affidavits or other discovery materials to show that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If the nonmoving party "does not so respond, summary judgment, if appropriate, shall be entered." Tenn. R. Civ. P. 56.06.

On appeal, this court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn.1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV.    DISCUSSION

Dr. Lamb[2] first argues that the trial court erred by failing to apply Ohio law in granting the motion for summary judgment. Dr. Lamb does not identify any issue that would have been decided differently had the trial court applied Ohio law instead of Tennessee law. Moreover, a review of the record reveals that the trial court recognized that Ohio law governed the interpretation of the contract before granting the motion for summary judgment. This argument is without merit.

Dr. Lamb next argues that the court erred in granting the motion when genuine issues of material fact remained regarding whether Plaintiffs have standing to file suit. He explains that Plaintiffs were not identified as parties to the agreement. Plaintiffs respond that the service agreement and guaranty specifically include Cardinal Health's subsidiaries as guaranteed parties to the contract.

The Ohio Supreme Court addressed the principles of standing as follows:

---

[2] Dr. Famoyin did not file a brief, and Dr. Kincaid settled with Plaintiffs prior to oral argument.

Traditional standing principles require litigants to show, at a minimum, that they have suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief. Standing does not depend on the merits of the plaintiff's claim. Rather, standing depends on whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case.

*ProgressOhio.org, Inc. v. JobsOhio*, 13 N.E.3d 1101, 1104 (Ohio 2014) (internal citations and quotations omitted). Notably, Dr. Lamb does not allege that Plaintiffs failed to establish their status as subsidiaries of Cardinal Health. As a subsidiary of Cardinal Health, Plaintiffs have suffered an injury that is fairly traceable to Dr. Lamb's failure to remit payment pursuant to the guaranty. Additionally, the injury is likely to be redressed by a breach of contract action. Plaintiffs have standing to file suit.

Dr. Lamb next argues that the court erred in granting the motion when genuine issues of material fact remained regarding the authority of Mike Combs to bind McLeod to the contract. He provides that the credit application required the individual signing the application to have the authority of a "proprietor, partner, controlling shareholder or authorized officer." He argues that Mr. Combs did not have the requisite authority required by the application when Mr. Combs was simply a business administrator. Plaintiffs respond that Defendants ratified the contract by accepting products and supplies pursuant to the agreement signed by Mr. Combs and that they later acknowledged the validity of the contract by affirming the agreed judgment entered against McLeod.

Dr. Lamb specifically admitted for purposes of summary judgment that McLeod entered into an agreement with Cardinal Health, that McLeod ordered and received products pursuant to the agreement, and that McLeod failed to remit payment. In Ohio,

[a] contract entered into by an officer which is unauthorized may nonetheless be binding upon a corporation if there is a ratification on the part of the board of directors. Such a ratification may be either express or by implication. Where the board of directors possesses actual knowledge of the facts, a ratification may be effected through (1) the acceptance of a benefit from the contract, (2) acquiescence, or (3) a failure to repudiate the contract within a reasonable period of time.

*Ameritrust Co. Natl. Assn. v. Hicks Dev. Corp.*, 632 N.E.2d 939, 942 (Ohio Ct. App. 1993). Here, Defendants were aware that Mr. Combs signed the credit application on behalf of McLeod as evidenced by their signatures on the guaranty. They also accepted products and supplies ordered pursuant to the agreement. Under such circumstances, the

undisputed facts support only one conclusion, the contract is enforceable because Defendants ratified the contract.

Finally, Dr. Lamb argues that the court erred in granting the motion when genuine issues of material fact remained regarding the enforceability of the guaranty. He complains that the guaranty was not sufficiently definite because it did not "describe what the guarantors are guaranteeing for which corporations." Plaintiffs respond that the guaranty was sufficiently definite.

"In order to declare the existence of a contract, the parties to the contract must consent to its terms, there must be a meeting of the minds of both parties, and the contract must be definite and certain." *McSweeney v. Jackson*, 691 N.E.2d 303, 308 (Ohio Ct. App. 1996) (citations omitted). "The cardinal principle in contract interpretation is to give effect to the intent of the parties." *Transtar Elec., Inc. v. A.E.M. Elec. Servs. Corp.*, 16 N.E.3d 645, 648 (Ohio 2014) (citation omitted). "'[W]e will look to the plain and ordinary meaning of the language used in the contract unless another meaning is clearly apparent from the contents of the agreement. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties.'" *Id.* (quoting *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 953 N.E.2d 285, 292 (Ohio 2011)). The contract at issue here provided, in pertinent part, as follows:

> The undersigned Principal(s) of Applicant, by reason of their interest in Applicant and as an inducement for Cardinal Health to extend credit to Applicant, *hereby personally, jointly and severally, irrevocably, and unconditionally guarantee to Cardinal Health and its subsidiaries, affiliates and successors, and assigns (each a Guaranteed Party) the prompt and full payment (and not merely the ultimate collectability) and performance of all obligations of Applicant to each Guaranteed Party, whether now existing or hereafter arising.*

(Emphasis added).

A plain reading of the provision reflects that Defendants guaranteed to Cardinal Health and "its subsidiaries, affiliates and successors" the "prompt and full payment" and "performance of all obligations" contained in the contract as a whole. The guarantee was sufficiently definite. With all of the above considerations in mind, we conclude that the trial court did not err in granting the motion for summary judgment when the undisputed facts support only one conclusion, Defendants are personally liable for the outstanding debt owed by McLeod.

## V.  CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed equally to the appellants, M. Ray Lamb, MD; William R. Kincaid, MD; and Charles O. Famoyin, MD.

_____
JOHN W. McCLARTY, JUDGE